# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**HAMILTON ANTUNES OLIVEIRA,**

      **Plaintiff,**

v.                                                           **Case No: 6:19-cv-334-CEM-EJK**

**GILSON MARCAL RODRIGUES,
GILSON'S INTERNATIONAL
CUISINE, INC. and GMR
INTERNATIONAL CUISINE, INC.,**

      **Defendants.**
_____/

## REPORT AND RECOMMENDATION

This cause comes before the undersigned, referred from the Court, on Plaintiff's Motion for Default Judgment (the "Motion") against Defendants. (Doc. 41.) Upon consideration, I respectfully recommend that the Motion be granted.

**I.    BACKGROUND**

Plaintiff instituted this action against Defendants for their alleged violations of the minimum and overtime wage provisions of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201–219. (Doc. 1.) Defendants answered (Doc. 12) and the parties entered into settlement negotiations, which proved unsuccessful (Doc. 17). As such, the Court entered a Case Management and Scheduling Order, wherein the mediation deadline was set for July 1, 2020. (Doc. 20 at 2.) From then, the parties actively litigated this matter. On January 9, 2020, Defendants' counsel moved to withdraw. (Doc. 26.) I took the motion under advisement, as withdrawal would result in the business entity Defendants—Gilson's International Cuisine, Inc., and GMR International Cuisine, Inc.—proceeding without counsel. (Doc. 28.) A month passed, and no attorney entered an appearance on behalf of the business entity Defendants, so I granted the motion

to withdraw. (Doc. 31.)

When the mediation deadline passed, neither party informed the Court of the outcome. Consequently, the Court ordered Plaintiff to do so. (Doc. 33.) Plaintiff, for the first time, informed the Court he had been unable to communicate with Defendants for months, and even mail sent to Defendants was returned as undeliverable. (Doc. 34.) The Court struck Defendants' Answer to Plaintiffs' Amended Complaint (Doc. 30) and directed the Clerk to enter a default against each Defendant in light of Plaintiff's representations and Defendants' overall noncompliance with the Court's orders and procedures. (Doc. 35.) At the Court's direction, Plaintiff filed the instant Motion. (Docs. 40, 41.)

Plaintiff alleges that he performed both tipped and non-tipped work while working at Defendants' business, Gilson's Brazilian Restaurant (the "Restaurant"), and private events at Defendant Gilson Marcal Rodrigues's residence. (Am. Compl., Doc. 29 ¶¶ 28–29, 36.) During the course of Plaintiff's employment, Defendants allegedly committed several FLSA violations. (Doc. 29.) The violations stemmed from Defendants' failure to compensate work for private events, requiring Plaintiff to participate in an invalid tip pool, and improperly taking a tip credit deduction.[1] (*Id.* ¶¶ 30–32, 36.) Plaintiff asserts the tip pool was invalid because Defendants allegedly failed to distribute 100% of the tips in the tip pool among the employees. (*Id.* ¶¶ 31, 34.) Therefore, at no point during Plaintiff's employment were Defendants eligible to compensate him at the tip credit wage rate, and in taking a tip credit deduction, Defendants violated the minimum

---

[1] Under the FLSA, an employer must satisfy several requirements before taking a tip credit, one of them being that the "tipped employee retain[s] all of the tips." *Bennett v. Hayes Robertson Grp., Inc.*, 880 F. Supp. 2d 1270, 1278 (S.D. Fla. 2012) (citing 29 U.S.C. § 203(m)). The employer may "pool" the tips so long as the tip pool does not include "'employees who [have not] customarily and regularly received tips,' such as dishwashers, cooks, chefs, and janitors." *Id.* (quoting U.S. Department of Labor Fact Sheet # 15: Tipped Employees Under the FLSA).

wage provision of the FLSA. (*Id.* at ¶¶ 41–49.) As for his overtime claim, Plaintiff alleges that he "regularly worked in excess of forty . . . hours per week during his employment with Defendants." (*Id.* ¶ 23.) Because the Amended Complaint did not contain an accounting of the hours Plaintiff worked, the undersigned directed additional briefing. (Doc. 46.) Plaintiff complied by submitting a chart of all the hours he worked. (Doc. 47-1.)

## II.     STANDARD

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Afterwards, a court may enter a default judgment against the party. Fed. R. Civ. P. 55(b). "Entry of default judgment is only warranted when there is 'a sufficient basis in the pleadings for the judgment entered.'" *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (citing *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). The Eleventh Circuit has interpreted "a sufficient basis" as "being akin to . . . surviv[ing] a motion to dismiss for failure to state a claim." *Id.* (citing *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n. 41 (11th Cir. 1997)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In addition to stating a plausible claim for relief, the movant must ensure that the court has jurisdiction over the parties. *Schwartz v. Fontana*, Case No. 8:16-cv-914-T-30AAS, 2016 WL 4272213, at *2 (M.D. Fla. Aug. 15, 2016). "All well-pleaded allegations of fact are deemed admitted upon entry of default; however, before entering a default judgment, a court must confirm that it has jurisdiction over the claims and that the complaint adequately states a claim for which relief may be granted." *See Nishimatsu*, 515 F.2d at 1206.

### III. DISCUSSION

#### A. Personal Jurisdiction

Given the fact that Defendants did not dispute personal jurisdiction when they initially appeared (*see* Ans., Doc. 12), the undersigned finds that there is personal jurisdiction over Defendants. The Eleventh Circuit held that in this circumstance, a defendant is deemed to have "'waive[d] any objection to the district court's jurisdiction over his person by not objecting to it in a responsive pleading or a [motion to dismiss pursuant to Federal Rule of Civil Procedure 12]." *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1364 (11th Cir. 2006) (quoting *Palmer v. Braun*, 376 F.3d 1254, 1259 (11th Cir.2004)); *see also Baragona v. Kuwait Gulf Link Transp. Co.*, 594 F.3d 852, 854 (11th Cir. 2010) ("A defendant normally . . . waives a personal jurisdiction defense if he or she has entered an appearance or was involved in overt wrongdoing to deceive the court and avoid service of process.") (citing *Sanderford v. Prudential Ins. Co.*, 902 F.2d 897, 899 (11th Cir.1990)). Therefore, the undersigned recommends the Court exert personal jurisdiction over Defendants as they have waived it.

#### B. Venue

Plaintiff alleges that venue is appropriate in the Middle District of Florida because a substantial portion of the events giving rise to his claims occurred in in this District. (Doc. 29 ¶ 3.) This is corroborated by his allegations that he worked for Defendants at their restaurant in Orlando, Florida. (*Id.* ¶ 8.) Pursuant to 28 U.S.C. § 1391(b)(2), a civil action can be brought in a "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." It is evident that the events giving rise to this action occurred in one of the counties served by the Orlando division. As such, the undersigned finds that venue is appropriate.

### C. Subject Matter Jurisdiction

Plaintiff alleges that there is federal question jurisdiction over his FLSA claims. (Doc. 29 ¶ 2.) Federal question jurisdiction exists in civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331; *U.S. Bank Nat'l Ass'n v. Windsor*, No. 6:15-cv-1895-Orl-41GJK, 2016 WL 3166851, at *2 (M.D. Fla. Mar. 14, 2016), *report and recommendation adopted*, 2016 WL 3144143 (M.D. Fla. June 6, 2016). "The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiffs properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citation omitted); *see also Kemp v. Int'l Bus. Mach. Corp.*, 109 F.3d 708, 712 (11th Cir. 1997) ("A case does not arise under federal law unless a federal question is presented on the face of plaintiff's complaint.").

Here, Plaintiff brings claims arising under the FLSA, which is federal law, and thus the Court has federal question jurisdiction.

### D. Entitlement to Default Judgment and Damages

For Count I, Plaintiff alleges Defendants improperly compensated him at the tip credit wage, which violated the FLSA's minimum wage provision. (Doc. 29 ¶¶ 41–49.) Count II contains allegations that Defendants violated FLSA's overtime wage provision by failing to compensate him for work he performed in excess of 40 hours a week. (*Id.* ¶¶ 51–58.) The FLSA establishes minimum and overtime wage standards for employees who are "engaged in commerce or in the production of goods for commerce" or "employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. §§ 206(b), 207(b). "To trigger liability under the FLSA's minimum [or overtime] wage provisions, . . . [P]laintiff must show: (1) an employee-employer relationship exists between [he and Defendants], and (2) he is 'covered' by the FLSA."

*Cabreja v. SC Maint., Inc.*, No. 8:19-cv-296-T-33CPT, 2019 WL 2931469, at *3 (M.D. Fla. June 19, 2019) (citing *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011)), *report and recommendation adopted*, 2019 WL 2929325 (M.D. Fla. July 8, 2019). "To state a claim for failure to pay minimum [or overtime] wages under the FLSA, . . . [P]laintiff must demonstrate that (1) he is employed by . . . [D]efendant[s], (2) . . . [D]efendant[s] engaged in interstate commerce, and (3). . . [D]efendant[s] failed to pay him minimum . . . wages." *Freeman v. Key Largo Volunteer Fire & Rescue Dep't, Inc.*, 494 F. App'x 940, 942 (11th Cir. 2012) (citing *Morgan v. Family Dollar Stores, Inc.,* 551 F.3d 1233, 1277 n.68 (11th Cir. 2008)).

The FLSA requires that an employee receive no less than a minimum rate of $7.25 per hour. *See* 29 U.S.C. § 206(a)(1)(c). It also prohibits employees from working more than 40 hours a week unless they are compensated at "a rate not less than one and one-half times the regular rate at which he is employed." *Id.* § 207(a)(2). Any employer who violates the FLSA's minimum and overtime wage provisions is "liable to the employee . . . affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

Plaintiff's allegations sufficiently demonstrate an employee-employer relationship between him and Defendants. He alleges that he was employed by Defendants at the Restaurant. He also alleges that Gilson Marcal Rodrigues "owns and operates [the business entity Defendants]" and that he "forced Plaintiff to work private parties at [his] home for which Plaintiff was not paid." (*Id*. ¶¶ 18, 36); *see also Elwell v. Pierce N Tell, LLC*, 2014 WL 12617813, at *2 (M.D. Fla. Mar. 6, 2014) (citing *Patel v. Wargo*, 803 F. 2d 632, 638 (11th Cir. 1986)) (holding that allegations about a company's owner who engaged in the day-to-day operations of the business and had direct supervisory responsibility over plaintiff were sufficient to state a cause of action under the FLSA

against an individual and company).

With respect to the coverage element, "a plaintiff employee must establish one of two types of coverage under the FLSA: (1) 'enterprise coverage,' which applies to the defendant employer, or (2) 'individual coverage,' which applies to the plaintiff employee." *Gaviria v. Maldonado Brothers, Inc.*, 2014 U.S. Dist. LEXIS 198755, 2014 WL 12531281, at *3 (S.D. Fla. Mar. 31, 2014) (citing *Martinez v. Palace*, 414 F. App'x 243, 244–45 (11th Cir. 2011) and *Thorne v. All Restoration Servs.*, 448 F.3d 1264, 1265–66 (11th Cir. 2006)).

> An employer falls within the FLSA's enterprise coverage if it meets two requirements: (1) it 'has employees engaged in commerce or in the production of goods for commerce, or . . . has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person' and (2) has an 'annual gross volume of sales made or done, [which is in excess of $500,000].

*Id*. (quoting 29 U.S.C. § 203(s)(1)(A)).

In the Amended Complaint, Plaintiff alleges that the business entity Defendants meet the requirements for enterprise coverage because they had annual gross revenue that totaled $500,000 or more and were engaged in interstate commerce within the meaning of the FLSA, since they had employees who engaged in such commerce. (Doc. 29 ¶ 11.) Accepting these allegations as true, I find they sufficiently demonstrate enterprise coverage.

To support his FLSA minimum wage claim (Count I), Plaintiff alleges that Defendants failed to pay him minimum wages for each hour he worked. Namely, Defendants improperly paid Plaintiff at the tip credit wage instead of the full minimum wage. (Doc. 29 ¶¶ 31, 34.) For the unpaid overtime wage claim (Count II), Plaintiff alleges that he routinely worked in excess of 40 hours a week without appropriate compensation for the excess hours. (*Id.* ¶ 23.) Plaintiff buttresses his unpaid minimum and overtime wage claims by submitting a chart of all hours he worked. (Doc.

47-1.) I recommend that the Court find that these well-pled allegations and the documentary evidence demonstrate that Defendants failed to pay Plaintiff minimum and overtime wages as required by the FLSA.

Having established a violation of §§ 206 and 207, Plaintiff is entitled to an award of damages, consisting of his unpaid minimum and overtime wages and an equal amount of liquidated damages. *See* 29 U.S.C. § 216(b). In support of his damages, Plaintiff attests in his Supplemental Affidavit that he is owed unpaid minimum wages in the amount of $38,877.49 and unpaid overtime wages in the amount of $16,261.02. (Suppl. Aff., Doc. 47, ¶¶ 47–49.) After reviewing the evidence presented, I recommend that the Court find that Plaintiff is entitled to actual damages in the amount of $55,138.50 for his unpaid wages and an equal amount of liquidated damages in the amount $55,138.50, amounting to a total award of $110,277.00 for his FLSA claims.

### E. Entitlement to Attorneys' Fees

In the Amended Complaint, Plaintiff makes a claim for attorneys' fees pursuant to § 216(b). (Doc. 29 at 8.) Because I found that Plaintiff is entitled to default judgment on his FLSA claims, I respectfully recommend that the Court award Plaintiff's attorney's fees for time spent litigating this case. *See* 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.").

Notwithstanding the foregoing recommendation, the Motion does not provide any documentation supporting a fee award. (Doc. 41); *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (citing *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (providing that when a party makes a claim for fees, it is that party's burden to establish entitlement and to document the appropriate hours and hourly rate)). Thus, at this stage,

I cannot recommend an amount of attorney's fees that should be awarded to Plaintiff. Instead, I recommend that the Court allow Plaintiff fourteen days from the entry of judgment to file a motion for attorney's fees. *See* Fed. R. Civ. P. 54(d)(2)(B).

## IV.     RECOMMEDATION

Upon consideration of the foregoing, I **RESPECTFULLY RECOMMEND** that the Court:

1. **GRANT IN PART** the Motion (Doc. 41).
2. **FIND** that Plaintiff is entitled to default judgment on Counts I and II.
3. **FIND** that Plaintiff is entitled to damages for Counts I and II amounting to **$110,277.00**.
4. **FIND** that Plaintiff is entitled to attorney's fees for time spent litigating this action.
5. **ENTER** a final default judgment in favor of Plaintiff and against Defendants in the amount of **$110,277.00**.
6. **GRANT LEAVE** for Plaintiff to file a motion for attorney's fees within fourteen days of an order adopting this report and recommendation.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on May 12, 2021.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Parties