UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**HAMILTON ANTUNES OLIVEIRA,**

      **Plaintiff,**

v.                        Case No. 6:19-cv-334-CEM-EJK

**GILSON MARCAL RODRIGUES, GILSON'S INTERNATIONAL CUISINE, INC., and GMR INTERNATIONAL CUISINE, INC.,**

      **Defendants.**

## ORDER

THIS CAUSE is before the Court on Plaintiff's Motion for Default Judgment Against All Defendants (Doc. 41). The United States Magistrate Judge issued a Report and Recommendation (Doc. 51), recommending that the Motion be granted in part and denied in part, (*id.* at 9).

After review in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72, and noting that no objections were timely filed, the Magistrate Judge's recommended disposition is accepted. Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendation (Doc. 51) is **ADOPTED** and made a part of this Order.

2. Plaintiff's Motion for Default Judgment Against All Defendants (Doc. 41) is **GRANTED in part** and **DENIED in part**.

    a. The Motion is **GRANTED** as to Counts I and II.

    b. **On or before June 18, 2021,** Plaintiff may file a motion for attorney's fees and costs.

    c. The Motion is otherwise **DENIED**.

3. The Clerk is directed to enter judgment in favor of Plaintiff and against Defendants for Counts I and II in the amount of $110,277.00.

4. The Clerk is directed to close this case.[1]

**DONE** and **ORDERED** in Orlando, Florida on June 4, 2021.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

---

[1] The Court retains jurisdiction to determine an award of attorney's fees. *Prime Ins. Syndicate, Inc. v. Soil Tech Distribs.*, 270 F. App'x 962, 965 (11th Cir. 2008) ("[I]t is clear that an award of attorney's fees is a collateral matter over which a court normally retains jurisdiction even after being divested of jurisdiction on the merits." (citation omitted)).

Copies furnished to:

Counsel of Record
Unrepresented Party